UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 06-87-DCR

UNITED STATES OF AMERICA                                         PLAINTIFF

VS:                              **OPINION AND ORDER**

NANCY RENEA MORRIS                                               DEFENDANT

\* \* \* \* \* \* \*

On July 10, 2006, the defendant filed a motion to allow her handwriting expert to review and test the original of a letter allegedly written by her to a male inmate, with whom she (then a prison employee) is charged with engaging, and attempting to engage, in sexual acts, and further providing him with cigarettes (DE #14).  The motion stated that the original document was required "in order to provide a complete analysis", and that the expert had "advised that the test is non-destructive."

Incorrectly assuming that the government would not object, and recognizing time constraints (the trial being assigned for August 21, 2006), the Magistrate Judge granted the motion (DE #15), even though the times for filing a response and reply had not expired.  The order provided that defendant's counsel "shall be

1

responsible for maintenance of the integrity of the document until such time as same is returned to the custody of the government."

The following day, the government filed a motion for reconsideration (DE #18). The United States stated that it "has no objection to defendant's handwriting expert examining the letter" but does object to defense counsel being responsible for the integrity of the document. It is argued that if the letter becomes unavailable, defense counsel might be a necessary witness in the case. It further contends that ".... it is foreseeable that the United States will cross-examine the defendant's expert is such a way that defendant will likely want to call her counsel to testify on her behalf." The United States Attorney also requests that the Court enter an order 1) requiring defendant to enter into a stipulation "waiving any challenges to the chain of custody," 2) requiring the defendant's counsel to provide the government with the name and address of the expert, as well as the length of the investigation, and 3) "requiring the United States to provide and to pick up the letter directly to and from the defendant's expert within 10 days of receiving it ...." The defendant has filed a response (DE #19) stating she will stipulate to the chain of custody, denying that the government is entitled to the requested ten-day delay, and giving the name and address of the expert. However, she states that the expert has informed her that the time required for examination of the original letter will

not be known until the expert receives the letter (and that she will promptly advise the government of the time required). The government has filed a reply (DE #20), stating:

> "The United States does not object to sending the letter to defendant's handwriting expert by Restricted Certified Mail. However, at this time the original document is in the custody of the Department of Homeland Security. The United States would request that the Court require the United States to send the letter by Restricted Certified Mail upon receiving it back from the Department of Homeland Security. The United States will not object to a continuance of the trial date if the Defendant's expert needs time to examine the document."

Were this the end of the discovery dispute, the Magistrate Judge would deny the motion to reconsider, but would amend the July 10 order to require some of the alternative provisions sought by the government and agreed to by defendant. However, the United States has now filed a "Notice of Fingerprint Analysis" (DE #22).

In the "Notice of Fingerprint Analysis", the government states that the letter in question "will be analyzed for the defendant's fingerprints". The Notice further states that the United States Attorney "has been informed that this testing will alter the original document by discoloring it. However, a scanned copy of the original will be provided as well as the original document to any defense expert. Having the fingerprint analysis conducted subsequent to the defendant's expert examining the

3

letter would hinder the fingerprint analysis." The defendant has filed a response (DE #23) alleging that the notice "is extremely suspect. The defendant's expert requires the original document for her **non-destructive** analysis, a scanned copy will not suffice. The defendant is entitled to view this document and have it analyzed. The defendant's expert will use gloves when handling the document so as not to disturb any fingerprints. Upon return the United States will be free to conduct the fingerprint examination."

Thus, the Magistrate Judge is presented with a very unique question with little time to consider the nuances of the two related matters (DE #s18 and 22). Considering the existing time constraints, the Court will briefly discuss what relevant case law it has found in a limited research.

It is patent that the testimony of handwriting experts is admissible under FRE 702. See, *e.g., United States v. Jones*, 107 F.3d 1147 (6th Cir. 1997), *Weinstein's Federal Evidence*, §702.06(7), and 183 A.L.R. Fed. 333. In fact, there is authority that such evidence is even admissible as lay testimony. See *United States v. Binzel*, 907 F.2d 746 (7th Cir. 1990), and KRE 901(b)(2).

More importantly to the instant issues, the law appears to be that an expert witness ("examiner of disputed documents") may base his or her opinion upon a **copy** of the document in question. See *Spolnik v. Guardian Life Insurance*

*Company of America*, 94 F.Supp. 2d 998 (S.D. Ind. 2000), and 32 C.J. S. *Evidence*, §801; also see *United States v. Atman*, 145 F.3d 1333 (Table), 1998 WL 211767 (C.A. 6 (Tenn.)). Moreover, as held in *Orix Financial Services, Inc. v. Thunder Ridge Energy, Inc.*, 2006 WL 587483 (S.D.N.Y.), a handwriting expert's use of copies does not rob his opinion of probative value. If anything, "a handwriting expert's use of photocopies goes to the weight of his opinion, not to its admissibility", citing *Kluge v. Fugazy*, 739 F.Supp. 939-40 (S.D. N.Y. 1990) (finding that a handwriting expert's analysis of photocopy of questioned document is sufficient to give rise to a genuine issue of fact). This case also cited *Weinstein's Federal Evidence*, 702.06(7) (Joseph M. McLaughlin Ed., 2d Ed. 2005) noting that the majority of the Circuits have held that handwriting analysis is admissible under FRE 702 and *Daubert*.

    Thus, although the government's "notice" does state that the fingerprint analysis will discolor the original, there is no reason that a scanned copy cannot be furnished to defendant's expert prior to the original being analyzed for fingerprints by the government agency and, after the fingerprint analysis is complete, the original (although discolored) then be promptly furnished for such analysis as

5

defendant's handwriting expert may require.[1]  Likewise, defendant having agreed to stipulate to the chain of custody (DE #19), the procedure suggested by the Assistant United States Attorney (DE #20), maintaining the integrity of the document, is adopted by the Court.  In the meantime, the government shall promptly provide to the defendant a clean scanned copy of the letter for utilization by counsel and her expert.

The Motion for reconsideration (DE #18) is **granted** to the extent set out in this opinion.

This the 20th day of July, 2006.

Signed By:
**J.B. Johnson, Jr.**
United States Magistrate Judge

---

[1] Discoloration should not affect the ability of either party's handwriting expert from analyzing the document for that purpose.  On the other hand, if the procedure is reversed, there is an obvious danger that the fingerprints could be inadvertently smudged or compromised.